FILED
JEANNE A. NAUGHTON, CLERK

JUL 2 0 2018

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067**

Andrew B. Altenburg, Jr.  (856) 361-2320
U.S. BANKRUPTCY JUDGE

July 20, 2018

Kathleen Marie Melincavage            William E. Craig, Esq.
15 Millbridge Road                    Morton & Craig LLC
Clementon, NJ 08021                   110 Marter Ave, Suite 301
                                      Moorestown, NJ 08057

RE:   In re Kathleen Marie Melincavage
      Bankr. Case No. 17-24118-ABA

Dear Mrs. Melincavage and Mr. Craig:

The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

It is undisputed that on March 31, 2014, Raymond and Kathleen Melincavage ("Mrs. Melincavage") entered into a valid security agreement through a retail installment sale contract with Pellegrino Chevrolet in the amount of $17,676.25 for the purchase of the Vehicle. (Doc. No 43-5). *In the Matter of Maple Contractors, Inc.*, 172 N.J.Super. 348, 353 (Law Div. 1979). *See also, Doyle v. Northrop Corp.*, 455 F.Supp. 1318, 1331 (D.N.J. 1978) and N.J.S.A. 12A:9-203. As provided for in the agreement, Pellegrino Chevrolet then assigned the contract to Ally Financial. *Id.* As first lienholder, Ally Financial validly perfected its security interest in the Vehicle by indicating its security interest on its certificate of title. *Commercial Tp. v. Block 136, Lot 2, Now Lot 13*, 179 N.J. Super. 307, 314 (Ch. Div. 1981). *See also*, N.J.S.A. 39:10-11.B. (Doc. No 43-5).

This matter was originally brought before the court on March 28, 2018 by Ally Capital ("Movant") Motion for Relief from the Automatic Stay and Co-Debtor Stay of Raymond Melincavage for a 2011 Chevrolet Malibu (hereinafter "Vehicle") (Doc. No. 38) (the "Motion").

The Affidavit in support of the Motion (Doc. No. 38-02) was signed by Chase Seymour, Bankruptcy Agent for Ally Servicing LLC.[1] On April 16, 2018, Mrs. Melincavage sought an

---

[1] Mrs. Melincavage challenged that the Affidavit was not properly notarized. Mrs. Melincavage has failed to meet her burden with regard to this challenge. Nevertheless, the court finds that the original Affidavit satisfies Fed.R.Civ.P. 43(c), incorporated in this case through Fed.R.Bankr.P. 9017, and 28 U.S.C. Sect. 1746 and/or other Rules regarding the admissibility of evidence and therefore is acceptable evidence. The court also notes that Movant produced a supplemental Affidavit that was properly notarized. (Doc. No. 43-1). Mrs. Melincavage's objections in this regard are overruled.

adjournment of the Motion on the grounds that she "tendered payment in April" that had not been accounted for and due to her husband's illness. (Doc. No. 39). That adjournment was granted and the matter was set down for a hearing on May 15, 2018. On May 8, 2018, Mrs. Melincavage filed an objection to the Motion alleging once again that she tendered a payment that had not been accounted for and further challenging the standing of Movant and/or its representative to prosecute the Motion. (Doc. 40).[2] Then, Movant, through Mr. Seymour,[3] filed a Certification regarding post-petition payment history on the Vehicle in support of the Motion. (Doc. Nos. 41 and 42). The Certification was the court's standard Local Form 16a/Post-Petition Payment History and signed under penalty of perjury pursuant to 28 U.S.C. Sect. 1746 and Fed.R.Bankr.P. 9017. That post-petition payment history reflected that at the time the Motion was filed in March, the outstanding post-petition payment arrears were $2,976.40. Mrs. Melincavage does not dispute this.

At the May 15 hearing, the parties asked that the matter be adjourned. The matter was rescheduled to June 5, 2018. On June 5, Mrs. Melincavage stated she tendered payment which had not been accounted for, and she does in fact have insurance on the Vehicle. The court conditioned the stay on Debtor providing Movant with proof of insurance. The court also instructed the parties to file further submissions, Movant - with regard to the issues raised by Mrs. Melincavage and Mrs. Melincavage - in reply to that and with proof of payment made. The court then set a return date of June 26, 2018 to allow the parties sufficient time to supplement the record, which they did. (Doc. Nos. 43 and 44).

In connection with the June 26 hearing, Mrs. Melincavage raised new theories with regard to her position. The court again afforded her the opportunity to file an additional supplemental pleading with Movant having the opportunity to respond. The court advised Mrs. Melincavage that the burden was on her to convince the court that she had a defense to the Motion and that unsupported bald statements would not suffice. The matter would then be considered on the papers. Both parties filed supplemental pleadings. (Doc. Nos. 45 and 46). With all submissions of the parties have been made, the matter is ripe for consideration.

The evidence submitted to the court reveals, that Ally Bank is a Utah corporation registered an authorized to do business in all fifty states. In New Jersey, Ally Bank does business as Movant. Ally Financial Inc. indirectly owns 100% of Ally Bank and acts as servicer for Ally Bank and acts as "collateral agent" pursuant to a receivables servicing agreement between the parties. Ally Servicing LLC, for whom Mr. Seymour is an authorized representative, is a wholly owned subsidiary of Ally Financial Inc. Ally Servicing LLC is the authorized servicer for Movant. At least two Limited Power of Attorney exist evidencing the relationships between the entities. (Doc. Nos. 43, 43-2, 43-3 and 43-6). Hereinafter, "Ally" will mean all the aforementioned Ally related entities, including Movant. Finally, Morton & Craig LLC, a law firm of licensed attorneys, serve

---

[2] Mrs. Melincavage also challenged the stated market value of the Vehicle in the Motion of $7,700. The court notes that Mrs. Melincavage stated that the value of the Vehicle was $6,000 on Schedule B to her Bankruptcy Petition. The court may take judicial notice of facts alleged in documents filed in the court. *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995). Nonetheless, this value challenge is irrelevant to the court's decision on the Motion because, *inter alia*, the court finds that cause otherwise exists for relief from the automatic stay.

[3] While he identifies himself in different roles throughout the pleadings, through the evidence submitted, the court finds it credible that Mr. Seymour is an authorized representative of Movant. In fact, no evidence was submitted to suggest that he is not. As such, Mrs. Melincavage's objections in this regard are overruled.

as attorney for and represent Ally Financial Inc. and its subsidiaries and affiliates (such as Movant) on certain bankruptcy legal matters in New Jersey. (Doc. No. 46). This makes sense as a corporation such as Ally may appear and be represented in this court only by a licensed attorney. *Am. Corp. Soc. v. Valley Forge Ins. Co.*, 424 Fed. Appx. 86, 87 (3d Cir. 2011). With this uncontested evidence (Mrs. Melincavage having submitted no evidence to the contrary), the court concludes that Movant has standing to prosecute the Motion, Mr. Seymour is an authorized representative of Ally and Morton & Craig is the lawful legal representative of Ally and is authorized to represent Ally in this case. Mrs. Melincavage's objections in this regard are overruled.

As to the merits of the Motion, it is undisputed that a valid security agreement exists between the Melincavages and Ally. It is also undisputed that, as a result of that agreement, a valid security interest was perfected in favor of Ally against the Vehicle. That agreement required payments to be made by the Melincavages to Ally. Post-petition, this did not happen and as of March 2018, the outstanding post-petition payment arrears were $2,976.40 resulting in the filing of the Motion. This is undisputed. Only then did Mrs. Melincavage send Ally a "Government Obligation's Remittance Coupon" and related documents (the "Coupon"). (Doc. No. 43-4). No funds were tendered. Hence, there was a post-petition default and the Motion was filed. After that, no actual funds were sent by Mrs. Melincavage to cure the post-petition arrears – just the Coupon. Mr. Seymour credibly certified that Coupon is not a payment method recognized by Ally or for that matter, any other national or state bank. To be sure, the court has never encountered such a proposition and has been unable to find any law or convincing argument which supports Mrs. Melincavage's theories in this case. In short, Mrs. Melincavage has not persuaded this court that a payment "has been tendered" or that she has a viable defense to the Motion. Bare statements or unsupported legal premise will not suffice. The facts remain: Mrs. Melincavage has defaulted on her post-petition payments to Ally and she has not cured that default. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant relief from the stay because no payments are being made *See, In re Keays*, 36 B.R. 1016, 1017 (Bankr. E.D. Pa. 1984).

Also, the record is unclear as to whether Mrs. Melincavage has yet provided Ally with proof of proper insurance on the Vehicle. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant relief from the stay due to a lack of adequate protection. Adequate protection includes providing proof of enforceable insurance on collateral. *In re Powell*, 223 B.R. 225, 234 (Bankr. N.D. Ala. 1998). Thus, to the extent that Mrs. Melincavage has failed to provide Ally with proof of proper insurance on the Vehicle, Ally is not being adequately protected and cause exists to grant the Motion.

Finally, with regard to Mrs. Melincavage's statements and questions on the record at the various hearings and in her various filed pleadings concerning, *inter alia*, Federal Emergency Relief Act of May 12, 1933, federal reserve notes, the Banking Holiday, Executive Order 13223, the pooling and servicing agreements and the conversion to security etc., the court finds that Mrs. Melincavage's arguments lack merit, not credible, and/or irrelevant to the Motion. Likewise, her requests for audits of Movant cannot serve as a defense to the Motion and are irrelevant *to the Motion*. Mrs. Melincavage does not deny that she entered into the agreement with Ally, made pre-petition payments and those payments were applied to the obligation. She acknowledges that she defaulted post-petition. She does not dispute the amount Ally calculated as due, rather she only

alleges that she satisfied the obligation through the issuance of the Coupon. The court has discounted that argument. Accordingly, Mrs. Melincavage has failed to meet her burden with regard to her objections, and relief from the stay is warranted. Ally has demonstrated cause for relief and Mrs. Melincavage's theories do not prevent this court from granting the Motion. While the court is very skeptical of the theories, and states this with utmost hesitation, perhaps Mrs. Melincavage can convince a state court that she has a defense to any action taken by Ally based upon her theories, *but defenses in another action do not affect a creditor's right to relief from the stay when cause exists. See e.g. Matter of Roloff*, 598 F.2d 783, 785 (3d Cir. 1979) and *Grant-Covert v. Wells Fargo Bank, N.A.*, No. 15-6018 (NLH), 2016 WL 901081, at *2 (D.N.J. Mar. 9, 2016), *aff'd* (3d Cir. 658 Fed.Appx. 175 2016). As set forth above, cause exists and the Motion is granted.

The court notes that Mrs. Melincavage represented at the June 26 hearing that she has the means to bring the account with Ally current. As such, the court will give her an opportunity to bring the account current within 21 days. To that end, Morton & Craig shall immediately communicate with Mrs. Melincavage and provide her with the total amount of post-petition payment due through July 2018. Should Mrs. Melincavage fail to bring the account current within the allotted time, Ally is granted stay relief.

The court reserves the right to further supplement its findings of fact and conclusions of law.

An appropriate judgment has been entered consistent with this decision and is enclosed.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge